JOHN MIXON, plaintiff in error, vs. AURELIA POLLOK, defendant in error.

Conflicts of evidence and credibility of witnesses are for the jury, and a reviewing court, even in an extreme case, will generally acquiesce in a doubtful verdict where the judge who tried the cause has refused to interfere.

New trial. Before Judge GIBSON. Burke Superior Court. May Term, 1874.

Reported in the opinion.

JOHN J. JONES, for plaintiff in error.

JOHN T. SHEWMAKE, by brief, for defendant.

BLECKLEY, Judge.

A sister sued her brother and sister, and recovered against the brother alone. The sole complaint is, that the verdict was contrary to law and evidence and the charge of the court. On these grounds the brother moved for a new trial, and it was refused.

The cause of action alleged, was the promise to pay a fixed sum for withdrawing a *caveat* to a will. Defendants denied the contract as declared upon; averred that none was made to which the brother was a party; and alleged that the one in fact made between the two sisters was broken by the plaintiff, whereby the consideration totally failed. The brother was not sworn as a witness, but the sisters both testified, and, for women, they swore hard. One of them must have been in deep error, for they disagreed widely. The plaintiff's husband corroborated her fully. Other witnesses supported the defendant-sister in her version of the contract, and in the

breach of it by the plaintiff, and there was, altogether, such conflict in the evidence that the jury might have found either way. We should have been rather better satisfied with the verdict if it had been in favor of both defendants, instead of for the plaintiff against one of them. But if anything is for the jury, it is the credibility of witnesses, and as they have thought proper to believe the plaintiff and her husband, we will not disturb the verdict. The principles which underlie trial by jury, require that even this verdict should be spared by a reviewing court. If the judge who tried the case had set it aside, we should have thought him justified.

Judgment affirmed.